```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA

RONALD SATISH EMRIT,             )
                                 )
          Plaintiff,             )
                                 )
v.                               )    Case No. CIV-24-083-JFH-JAR
                                 )
SEAN "P. DIDDY" COMBS;           )
BAD BOY ENTERTAINMENT; and       )
ATLANTIC RECORDS,                )
                                 )
          Defendants.            )
```

## FINDINGS AND RECOMMENDATION

This matter comes before the Court on the evaluation of Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff, acting *pro se*, commenced this action in this Court on March 12, 2024. Plaintiff alleges a claim for public nuisance against Defendant P. Diddy because he has lost his endorsement contracts and, therefore, his

> billboards for Ciroc on the streets and highways are and 'eye sore' and public nuisance given his newfound status as a sexual predator who has committed the crimes of pimping and pandering, human trafficking, kidnapping, false imprisonment, and white slavery of a Latina woman in North Carolina according to the hearsay testimony of his bodyguard Gene Deal who should be placed in the witness protection program.

Doc. Ent. No. 2, p. 6.

Plaintiff next asserts a claim for tortious interference with business relations against all Defendants in alleging they are

> Continuing to enable a sexual predator such as Sean "P. Diddy" Combs to conduct business in places of public accommodation such as billboards on highways and streets all throughout the country on billboards owned by companies such as Lamar,

> Viacom, and Clear Channel Outdoor.
>
> Doc. Ent. No. 2, p. 6-7.

Plaintiff also contends all Defendants are subject to a claim for "products liability as design defect or manufacturing defect through strict liability and/or negligence by the negligent entrustment of allowing Sean "P. Diddy" Combs to represent Ciroc vodka and Sean John at department stores like Macy's."  Doc. Ent. No. 2, p. 7.  In compensation for these claims, Plaintiff seeks "punitive, compensatory, and treble damages in the amount of $45 million against all three defendants. . . ."  Id.

Fundamentally for this Court's analysis, Plaintiff asserts that

> [p]ursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of **Eastern Pennsylvania** (as an Article III court) has jurisdiction over this matter given that there is a rebuttable presumption that there is complete diversity of jurisdiction between the Plaintiff and the Defendant given that the principal place of business (ppb) and/or nerve center of Morgan & Morgan is not in Florida.
>
> Doc. Ent. No. 2, p. 3 (emphasis added by this Court).

By Order entered March 14, 2024, United States District Judge John F. Heil, III who presides over this case referred the case to the undersigned.  On the same date, this Court granted Plaintiff's request to proceed in this case *in forma pauperis.*  The granting of *in forma pauperis* status, however, does not necessarily end this Court's inquiry. "Once leave has been granted, the [Court] may . . . dismiss the complaint, even prior to service of process, if it determines the complaint to be

frivolous or malicious." McCone v. Holiday Inn Convention Center, 797 F.2d 853, 854 (10th Cir. 1986). Indeed, the Court is mandated to dismiss the case if it finds at any time that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "A claim is frivolous if the factual contentions supporting the claim are 'clearly baseless,' or the claim is based on a legal theory that is 'indisputably meritless.'" Olson v. Stotts, 9 F.3d 1475, 1476 (10th Cir. 1993)(citations omitted). The district court need not require service of the complaint and filing of an answer in cases where on the face of the complaint it clearly appears that the action is frivolous. Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir. 1987) citing Henriksen v. Bentley, 644 F.2d 852, 853-54 (10th Cir. 1981).

First and foremost, this Court must possess the requisite jurisdiction to adjudicate the claims asserted in this action. On its face, the Complaint alleges that diversity jurisdiction lies not in this Court but rather in the United States District Court for the Eastern District of Pennsylvania. It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Whenever the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. *See* Tuck v. United Services Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). The party seeking the exercise of jurisdiction bears the burden of establishing jurisdiction and "must allege in his pleading the facts essential to show jurisdiction." United States ex rel. General

Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995)(citation and internal quotations omitted).  In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, *see* Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, *see* United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001).

In this case, Plaintiff has expressly asserted and established that jurisdiction appropriately lies in the Eastern District of Pennsylvania and not in this Court.  Accordingly, dismissal is appropriate.

Moreover, the claims asserted in this action are patently frivolous and without legal foundation based upon the factual allegations asserted.  Frankly, the allegations are ludicrous and nonsensical.  This Court cannot even determine the appropriate state law which would be applied for a claim of public nuisance from the face of the Complaint.  For the claim of tortious interference with business relations, Plaintiff does not allege that Defendants tortiously interfered with his personal business relations.  The claim allegedly asserted for products liability fails to allege a product which is allegedly defective.  This Court must conclusively determine that the claims are facially, factually, and legally frivolous warranting dismissal.

Because the primary basis for dismissal lies in a lack of jurisdiction, Plaintiff will not be permitted to file any documents in this proceeding except for an objection to these Findings and the Recommendation of dismissal until the presiding United States District

Judge has had an opportunity to consider this ruling and any objection to it.

IT IS THEREFORE RECOMMENDED that this action be **DISMISSED** as this Court lacks jurisdiction over it and because the claims asserted in it are patently frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The Clerk is directed to serve a copy of these Findings and Recommendation upon Plaintiff by first class mail return receipt requested.

Plaintiff is given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections with the Clerk of the court.  Any such objection shall be limited to ten (10) pages in length.  Failure to object to these Findings and Recommendation within fourteen (14) days will preclude review of this decision by the District Court.

IT IS SO ORDERED this 15TH  day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE